NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5561-14T2
 A-2449-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ERIC JAMES,

 Defendant-Appellant.
_______________________________

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

REGINALD FELTON, a/k/a REGGIE MOORE,

 Defendant-Appellant.
___________________________________________________

 Submitted May 2, 2017 – Decided July 21, 2017

 Before Judges Messano and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Indictment
 No. 09-10-0966.

 Joseph E. Krakora, Public Defender, attorney
 for appellants (William Welaj, Designated
 Counsel in A-5561-14, on the brief; Mark
 Zavotsky, Designated Counsel in A-2449-15, on
 the brief).

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondents (Bryan S. Tiscia,
 Special Deputy Attorney General/Acting
 Assistant Prosecutor in A-5561-14, of counsel
 and on the brief; Meredith L. Balo, Special
 Deputy Attorney General/Acting Assistant
 Prosecutor in A-2449-15, of counsel and on the
 brief).

PER CURIAM

 In A-5561-14, defendant Eric James appeals from the order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. In A-2449-15, defendant Reginald Felton

appeals from the order denying his PCR petition without an

evidentiary hearing. We have consolidated the appeals to issue a

single opinion.

 Defendants were tried together before Judge William A. Daniel

and a jury. The evidence demonstrated that police responded to

the report of a fight and saw the victim being pulled from a car

by one man while another was beating the victim over the head with

a furniture leg. The two men fled while police gave chase,

eventually losing sight of the suspects. Police entered an

abandoned house and found Felton in a second-floor bedroom and

James in the attic. They found a bloody wooden table leg in a

nearby empty lot, and DNA testing matched the victim's blood to

 2 A-5561-14T2
that on the furniture leg. Both officers identified defendants

in court.

 The jury convicted both defendants of two counts of aggravated

assault, unlawful possession of a weapon, and possession of a

weapon for an unlawful purpose. The jury also convicted Felton

of obstruction. We affirmed defendants' convictions and sentences

on appeal. State v. James, A-4049-11 (App. Div. Sept. 23, 2013);

State v. Felton, A-3529-11 (App. Div. Sept. 23, 2013). The Supreme

Court denied their petitions for certification. 217 N.J. 304

(2014).

 Defendants filed PCR petitions, and counsel were appointed

to represent each. James alleged trial counsel provided

ineffective assistance (IAC), asserting counsel failed to request

a Wade1 hearing regarding the officers' identification, failed to

thoroughly investigate the case, particularly the victim's

whereabouts prior to the assault, and failed to properly represent

defendant at sentencing. James' appointed PCR counsel also argued

trial counsel's cross-examination of the victim was insufficient,

and counsel failed to object to the admission of prejudicial

testimony.

1
 United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed.
2d 1149 (1967).

 3 A-5561-14T2
 Felton also asserted an IAC claim. He, too, claimed trial

counsel failed to properly investigate and prepare for trial, and

failed to conduct forensic examinations of his clothing, the

furniture leg and the victim's car. Felton also alleged trial

counsel failed to make certain arguments, including Felton's

medical problems that allegedly made it unlikely he could have

fled the officers, and object at various times during trial.

 Judge Stuart L. Peim considered oral argument and issued a

detailed written decision in support of his June 22, 2015 order

denying James' petition. After appropriately reviewing the trial

testimony and applicable legal standards, Judge Peim concluded

James failed to demonstrate what information counsel's "allegedly

unperformed investigation would have disclosed and that it would

have had an effect on the outcome of the case." Regarding the

alleged inadequate investigation of the victim's whereabouts,

Judge Peim concluded that "[e]ven if evidence was presented that

the victim was drinking and in a fight prior to the incident,"

that "would not have affected the outcome," given the overwhelming

strength of the State's case.

 Judge Peim rejected James' assertions about counsel's

inadequate cross-examination, finding the evidence "was all

thoroughly before the jury." The judge also rejected any claim

that defendant was prejudiced by counsel's failure to object to

 4 A-5561-14T2
certain testimony, or that counsel failed to adequately advocate

at the time of sentencing. Judge Peim concluded James failed to

satisfy either prong of the Strickland/Fritz2 standard.

 Following oral argument, Judge Daniel rendered an oral

decision in support of his December 1, 2015 order denying Felton's

PCR petition. After thoroughly reviewing the trial evidence,

appropriately setting forth the Strickland/Fritz standard and

reviewing each of Felton's claims, Judge Daniel concluded Felton

failed to make a prima facie IAC showing.

 Before us, James argues we should reverse for an evidentiary

hearing on his IAC claims, specifically, that trial counsel failed

to adequately investigate the whereabouts of the victim and the

victim's girlfriend and cross-examine the victim at trial. Felton

urges us to reverse and remand for an evidentiary hearing on his

petition. He contends trial counsel failed to adequately

investigate and "adopt a defense strategy against the charge of

aggravated assault," failed to object to the prosecutor's

summation and failed to request a mistrial based on inadmissible

testimony given by one of the officers. Felton argues these

"cumulative error[s]" require a new trial.

2
 Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987).

 5 A-5561-14T2
 These arguments lack sufficient merit to warrant extensive

discussion in a written opinion, Rule 2:11-3(e)(2), and we affirm

substantially for the reasons expressed by Judges Peim and Daniel.

We add only the following.

 Under the two-prong Strickland/Fritz standard, a defendant

must first show "that counsel made errors so serious that counsel

was not functioning as the 'counsel' guaranteed . . . by the Sixth

Amendment." Fritz, supra, 105 N.J. at 52 (quoting Strickland,

supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

We apply a "highly deferential standard, which requires us to

avoid viewing counsel's performance through the 'distorting

effects of hindsight.'" State v. Hess, 207 N.J. 123, 147 (2011)

(quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065,

80 L. Ed. 2d at 694).

 To satisfy prong one, [a defendant] ha[s] to
 overcome a strong presumption that counsel
 exercised reasonable professional judgment
 and sound trial strategy in fulfilling his
 responsibilities. [I]f counsel makes a
 thorough investigation of the law and facts
 and considers all likely options, counsel's
 trial strategy is virtually unchallengeable.
 Mere dissatisfaction with a counsel's exercise
 of judgment is insufficient to warrant
 overturning a conviction.

 [State v. Nash, 212 N.J. 518, 542 (2013)
 (citations and internal quotation marks
 omitted) (third alteration in original).]

 6 A-5561-14T2
 Second, a defendant must show by a "reasonable probability"

that the deficient performance affected the outcome. Fritz, supra,

105 N.J. at 52. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." State v.

Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, supra, 466

U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; Fritz, supra,

105 N.J. at 52).

 Our Rules anticipate the need to hold an evidentiary hearing

"only upon the establishment of a prima facie case in support of

post-conviction relief." R. 3:22-10(b). A "prima facie case"

requires a defendant "demonstrate a reasonable likelihood that his

or her claim, viewing the facts alleged in the light most favorable

to the defendant, will ultimately succeed on the merits," ibid.,

and must be supported by "specific facts and evidence supporting

his allegations." State v. Porter, 216 N.J. 343, 355 (2013). "In

order for a claim of ineffective assistance of counsel to entitle

a PCR petitioner to an evidentiary hearing, bald assertions are

not enough — rather, the defendant must allege facts sufficient

to demonstrate counsel's alleged substandard performance." State

v. Jones, 219 N.J. 298, 311-12 (2014) (internal quotation marks

omitted).

 Here, James asserts that he requested counsel investigate the

victim's whereabouts before the assault, alleging that the victim

 7 A-5561-14T2
was in a fight in a tavern, something the victim denied at trial.

As Judge Peim noted, these assertions lack any support in the

record. Defendant also claims he requested counsel interview the

victim's girlfriend, who may not have corroborated the victim's

version of the night's events, but there is nothing to support

this claim either.

 Felton's assertions that forensic tests would have revealed

his clothing lacked any trace of the victim's blood, and his

fingerprints were not on the door of the victim's car lack any

support in the record. Moreover, as Judge Daniel noted, the lack

of such forensic evidence hardly mattered, given the strength of

the State's case. As to Felton's remaining claims, trial counsel's

failure to object or ask for a mistrial do not amount to reversible

error, and, therefore, cannot support a prima facie IAC claim.

State v. Echols, 199 N.J. 344, 361 (2009).

 Affirmed in A-5561-14; affirmed in A-2449-15.

 8 A-5561-14T2